IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREANDOUS COTTON,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD; RANDY GROUNDS; MATTHEW CATE; MEDAN; N. WALKER; DOES 1-10,<br><br>    Defendants.<br>                                   / | No. C 13-5891 WHA (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 4) |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He is granted leave to proceed in forma pauperis in a separate order. Based on a review of his complaint pursuant to 28 U.S.C. 1915, the complaint is dismissed for failure to state a cognizable claim for relief.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff alleges that on May 30, 2012, and again on November 15, 2012, officials at Salinas Valley State Prison ("SVSP") placed all members and associates of the "crips" gang on a "modified program."  He argues that prison officials incorrectly determined that he was a member of that gang.  This modified program consisted of a loss of contact visits, phone calls, outdoor exercise, and modified movement and canteen privileges.  Plaintiff does not say how long the modified program lasted, but he does allege that they were again placed on the modified program on November 15, 2012, for approximately one month.

Plaintiff claims that his identification as a Crip violated his rights under the Equal Protection Clause.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  Plaintiff's allegations show that he was not treated differently than any similarly situated inmates.  Indeed, he alleges that all other inmates that were found to Crips were placed on the modified program like plaintiff.  He alleges that he was incorrectly identified as a gang member. while others were properly identified as such.  He claims that the process of documenting his gang membership with

2

specific types of evidence, as provided by prison regulations, was not followed in his case. He does not, however, allege that this process was followed for all other similarly situated inmates. Even if he did, or could, so allege, in order to establish an equal protection "class of one" claim, plaintiff would have to demonstrate that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011). Plaintiff has not alleged intentional discrimination against him.

Plaintiff's allegations about his identification as a gang member also do not state a claim for the violation of his right to due process. Deprivations that are authorized by state law and are may amount to deprivations of a procedurally protected liberty interest, provided that, among other things, the deprivation imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Sandin v. Conner*, 515 U.S. 477-87 (1995). The modified program alleged by plaintiff does not affect the duration of his confinement. Nor is it severe enough to amount to "atypical and significant" under *Sandin.* This determination requires consideration of: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." requires a case by case consideration. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The modified program alleged here is less than severe than administrative segregation insofar as plaintiff was not segregated; it was of limited duration, and it did not impact the duration of plaintiff's sentence. As such, the modified program that resulted from identifying plaintiff as a gang member was not a deprivation of real substance so as to implicate a state-created liberty interest protected by due process under *Sandin*. *See, e.g., Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification for California Level IV prison rather than Level III prison not shown to be an atypical and significant hardship); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (under *Sandin* no liberty interest when inmate placed in disciplinary segregation for 14

days).

Plaintiff also claims that the failure to properly process his administrative appeals violated his right to due process. Errors in processing or deciding administrative appeals do not violate a prisoner's right to due process because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez*, 334 F.3d at 860. Consequently, the failure to properly process his administrative appeals, while it may excuse his obligation to exhaust to the highest level of review, does not violate his constitutional rights.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable claim for relief.

Plaintiff's motion for "appointment" of counsel is **DENIED**. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Section 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis, not the power to "appoint" counsel. 28 U.S.C. § 1915(e)(1). In any case, the claims in this case are not particularly complex and are without merit.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4